843 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. THOMPSON, et al., Plaintiffs-Appellants,
v.
David H. BLAND, et al., Defendants-Appellees.
 No. 87-5385.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1988.
 
 Before KEITH, BOYCE F. MARTIN JR., and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs, members of a class of Kentucky inmates, appeal a March 11, 1987 district court order denying their motion to incorporate prison policies and procedures into a consent decree previously entered into between plaintiffs and defendants, various Kentucky prison officials. See Kendrick v. Bland, 541 F.Supp. 21, 27-50 (W.D.Ky.l98l). For the reasons that follow, we affirm.
 
 
 2
 This action was initiated in 1976 by a class of inmates at the Kentucky State Penitentiary (KSP) who claimed that they were being confined in violation of 42 U.S.C. Sec. 1983. Inmates at the Kentucky State Reformatory (KSR) later joined the action. In 1980, the parties entered into a consent decree which provided that the defendants would conduct studies and establish plans and procedures for improving conditions in over twenty different prison functions. The decree's "general provisions" stated in Section 1 that:
 
 
 3
 C. For any plans proposed in this Decree, the parties shall make a reasonable effort to resolve any issues in controversy through negotiation and if the parties are unable to resolve the controversy through this process, the Court shall conduct a hearing on these issues. In any event, all plans shall be submitted to the Court for approval and incorporation into the Decree.
 
 
 4
 D. The Court shall retain jurisdiction in this case until the plan submitted to the Court is fully implemented.
 
 
 5
 Kendrick v. Bland, 541 F.Supp. at 27.
 
 
 6
 Since entry of the consent decree, the parties have repeatedly litigated substantive issues regarding the level of defendants' compliance under various provisions of the decree.[1] On defendants' motion, the court scheduled a so-called "substantial compliance hearing" for July of 1986 in order to determine whether the court's supervision was any longer necessary. Prior to the hearing, the parties jointly filed a "motion to submit stipulated issues" which asked the court to determine: (1) whether the Corrections Policies and Procedures (CPPs) and Institutional Policies and Procedures (IPPs) which Kentucky's Corrections Cabinet had continously filed with the court fulfilled the requirement of Section 1.C. of the decree that plans be submitted to the court for approval and incorporation, and if so, (2) whether any steps other than filing are needed to incorporate the plans into the decree.[2]
 
 
 7
 Plaintiffs argue (1) that the CPPs and IPPs filed by defendants are insufficient to constitute "plans" under the terms of the decree, and (2) that even if the CPPs and IPPs constitute plans, a formal motion is needed in order to incorporate them into the decree. In sum, plaintiffs assert that a modification hearing is necessary anytime the Cabinet seeks to change a CPP or IPP. The court rejected plaintiffs' construction of Section 1.C. and held that "the filing of CPPs and IPPs constitutes the submission of plans to the court" and that the parties retain the right to request a hearing to resolve any disagreements concerning the plans.
 
 
 8
 Following the court's July 1986 substantial compliance hearing, plaintiffs moved to incorporate the plans by reference and to object to certain stated classification policies. On March 11, 1987, the court summarily denied plaintiffs' motion to incorporate, and, two days later, entered its findings and conclusions based upon its July 1986 substantial compliance hearing. See Kendrick v. Bland, 659 F.Supp. 1188 (W.D.Ky.1987). In its opinion, the court noted that:
 
 
 9
 While the Consent Decree addresses details of many areas, its purpose is for the overall betterment of the institution and quality of life afforded to the inmates. This court did not intend for the parties to run to the court every time the defendants changed or altered a particular detail or matter, be it for security reasons, or state or federal requirements, or merely for the betterment of the institution.
 
 
 10
 Id. at 1200. We agree with the court's conclusion.
 
 
 11
 Consent orders are considered contracts and are to be interpreted accordingly. See, e.g., Robinson v. Vollert, 602 F.2d 87, 92 (5th Cir.1979), reh'g denied, 609 F.2d 1177. The interpretation and construction of a written contract are matters of law and are subject to de novo review. Lancaster Glass Corp. v. Philips ECG, Inc., 835 F.2d 652, 658 (6th Cir.1987) (citing Weimer v. Kurz-Kasch, Inc., 773 F.2d 669, 671 (6th Cir.1985.)). We hold that the district court was correct in concluding that defendants' filing of its CPPs and IPPs constitutes "incorporation" under the terms of the consent decree and that a formal motion to incorporate is unnecessary.
 
 
 12
 As defendants have noted, the Corrections Cabinet changes its CPPs and IPPs on a monthly basis to update them for compliance with new American Correctional Association standards and to compensate for problems which may have developed in the plans' implementation. The decree clearly did not intend for the district court to become a monthly arbiter of proposed procedures for updating daily prison functions such as cleaning bathrooms and spraying for bugs. Rather, the decree was intended to serve as a guideline, confining the district court's review to major violations. Indeed, the court's March 13, 1987 order provides as much.[3]
 
 
 13
 Since plaintiffs have otherwise failed to specify the basis for the objections accompanying their motion to incorporate, the district court's order denying said motion is hereby AFFIRMED.
 
 
 
 [1]
 This court has entertained no less than ten appeals relating to the decree, the most recent being Thompson v. Kentucky, 833 F.2d 614 (6th Cir.1987)
 
 
 [2]
 Only the KSR plaintiffs joined the defendants in submitting these two related issues
 
 
 [3]
 The court's order placed the case on the court's "inactive docket" but provided that "[i]n the event of major violations of the Consent Decree and the contractual obligations created and continuing thereunder, any party may apply to the court for reinstatement of the case on its active docket."